UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CRISTOBALINA SILVA, as mother and natural guardian of infant J.E.; and MARGARITA BUSTAMANTE, as mother and natural guardian of infant D.G.,

                              Plaintiffs,

              -against-

Police Officer GERARD GUZMAN, Shield No. 10625; Sergeant MICHAEL GIACONIA, Shield No. 2991; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 5252 (KAM) (VMS)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Infant J.E. is a resident of Kings County in the City and State of New York.

7. Infant D.G. is a resident of Bronx County in the City and State of New York.

8. Defendant Police Officer Gerard Guzman, Shield No. 10625 ("Guzman"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Guzman is sued in his individual and official capacities.

9. Defendant Sergeant Michael Giaconia, Shield No. 2991 ("Giaconia"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Giaconia is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 8:30 a.m. on April 11, 2014, J.E. and D.G. were lawfully inside of a subway station at Fort Hamilton Parkway and New Utrecht Avenue in Brooklyn, New York.

14. Defendant Guzman approached plaintiffs and began to berate them, demanding to know what they were doing.

15. J.E. told defendant Guzman that they were going to school.

16. Defendant Guzman ordered plaintiffs to leave the station.

17. Guzman aggressively approached D.G., called him "stupid," and began to push and shove him.

18. When J.E. asked why he was pushing D.G., defendant Guzman violently pushed J.E. to the ground.

19. Scared, J.E. began to call 911.

20. Defendant Guzman screamed at J.G. and ordered her to hang up the

phone or else he would arrest her for making the call.

21. After assaulting plaintiffs and without probable cause or reasonable suspicion to believe they had committed any crime or offense, defendant Guzman arrested plaintiffs.

22. Defendant officers searched plaintiffs; no contraband was ever recovered from plaintiffs.

23. Defendants took plaintiffs to the 66th Precinct.

24. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff, J.E., obstruct governmental administration, engage in disorderly conduct and resist arrest.

25. At no point did the officers observe plaintiff J.E. commit any crime or offense.

26. At the precinct the officers also falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff, D.G., commit a crime.

27. At no point did the officers observe plaintiff D.G. commit any crime or offense.

28. D.G. was issued a desk appearance ticket and eventually released.

29. J.E. was taken to Brooklyn Central Booking.

30. J.E. was arraigned in Kings County Criminal Court, where the criminal

charges were adjourned in contemplation of dismissal.

31. After approximately twenty-four hours in custody, J.E. was released.

32. J.E. and D.G. suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of their property and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

38.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Malicious Prosecution**

39.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff D.G. under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff D.G. sustained the damages alleged herein.

## FOURTH CLAIM
**Unreasonable Force**

43. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

45. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

46. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47. The individual defendants created false evidence against plaintiffs.

48. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

50. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     March 27, 2015
           New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiffs*
